IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Antwan Manick, ) | |
| ) | |
| Plaintiff, ) | C/A No. 6:13-938-JMC-KFM |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Corrections; ) | |
| Kirkland Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### Background

This *pro se* Plaintiff, who is incarcerated at the Kirkland Correctional Institution ("KCI"), brings a civil action pursuant to 42 U.S.C. § 1983 alleging unconstitutional prison conditions. Compl. 3–5. He alleges that the KCI "staff is not doing their job accordingly." Compl. 3. Specifically, Plaintiff alleges the following problems. The staff requires inmates to handle the "uniform change out day" by passing out jumpsuits to inmates, but the jumpsuits are contaminated and have been rubbed onto the dirty floors by inmates. *Id.* He alleges the unclean jumpsuits have caused him to itch and get bumps on his skin, and he is at risk of contracting staff infection. Compl. 3–5. He also alleges "inmates are also cleaning other inmates cell with their legal mail & other legal documents." *Id.* He alleges that on shower days officers require inmates to shower and then go out in cold weather, which "can cause inmates to become sick...." *Id.* He alleges that, as a result, he is at risk of contracting the flu virus. *Id.* He alleges that the "formal counts" of inmates are not performed appropriately. *Id.* Moreover, he alleges the inmates are locked in rooms all day with each other between meals, shower, and telephone times, and this is a risk to

safety because "anything can take place in these rooms & no one would know what happen because of breach of security." *Id.*

Plaintiff seeks $250,000 in damages for pain and suffering. Compl. 5. He also seeks relief for "things to become better for other inmates that comes to the Kirkland Correctional Institution R&E Center." *Id.* Further, he requests the court "to do something about the breach of security at this institution cause it can cause injuries to inmates in these cells that have either 2 or 3 inmates to one cell if a problem ever occur." *Id.*

Plaintiff alleges he filed a prison grievance about these issues on March 20, 2013, and he has not received a final answer concerning the matter. Compl. 2. Plaintiff signed the Complaint on March 21, 2013. Compl. 5. He attached to the Complaint a copy of a Step One grievance he filed with the South Carolina Department of Corrections ("SCDC") concerning several of his alleged problems, and he dated the grievance March 21, 2013. ECF No. 1-1.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff fails to state a claim on which relief may be granted because SCDC and KCI ("Defendants") are not subject to suit pursuant to § 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here, Defendants are buildings and grounds; thus, they are not considered to be persons. Moreover, to the extent Plaintiff seeks to sue the staff or group of officers employed at KCI, he still fails to state a claim on which relief may be granted because groups of people are not amenable to suit under § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983). Therefore, this action should be dismissed for failure to state a claim on which relief may be granted.

Further, this action should be dismissed because throughout the Complaint Plaintiff indicates that he brings this action on behalf of other KCI inmates. However, the *pro se* Plaintiff lacks standing to sue on behalf of other prisoners. *See Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for

others); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for *oneself* does not create a similar right to litigate on behalf of others).

Lastly, this case should be dismissed because Plaintiff failed to exhaust available prison administrative remedies prior to filing this lawsuit.  The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of a prisoner's complaint, *sua sponte* dismissal prior to service of the complaint may be appropriate.  *See Jones v. Bock*, 549 U.S. 199 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Moore v. Bennette*, 517 F.3d 717, 725-26 (4th Cir. 2008) (noting that in rare cases a court may be able to determine from the face of a complaint that a prisoner has not exhausted administrative remedies and is without a valid excuse).  Here, the Complaint reveals that Plaintiff waited, at most, one day from filing his Step One grievance to complete and sign the Complaint.  Thus, he clearly did not attempt to complete the prison grievance process, and this is a rare case where summary dismissal on the ground of failure to exhaust administrative remedies would be appropriate.

## **Recommendation**

Based on the foregoing, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

April 26, 2013                                                          s/ Kevin F. McDonald
Greenville, South Carolina                                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).